UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL ANGEL SEGOVIA-REYNA,<br><br>Petitioner,<br><br>v.<br><br>Warden M. CRUZ,<br><br>Respondent. | Civil No. 08-6099 (MJD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, where he is serving a 188-month federal prison sentence that was imposed in 1996. (Petition, [Docket No. 1], p. 2.) He is not presently challenging the validity of the conviction or sentence for which he is currently incarcerated. Instead, he is challenging a decision by

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

the federal Bureau of Prisons, ("BOP"), regarding the date when he should be transferred to a "Residential Re-entry Center," (sometimes referred to as an "RRC" or "half-way house").

Petitioner's current habeas corpus petition presents only a single claim for relief, which, repeated verbatim and in its entirety, is as follows:

> "Failure of the B.O.P. to reduce the term of Petitioner's confinement to conform with provisions of the Second Chance Act of 2007 approved April 9th, 2008, (Pub.L. 110-199; 122 stat."

(Petition, p. 3, ¶ 9.)

Petitioner has attached several exhibits to his current petition, which indicate that he will be reassigned to an RRC approximately 150 to 180 days, (i.e., five or six months), before he reaches his scheduled release date.[2] Those exhibits show that Petitioner disagrees with the BOP's RRC decision, and believes that he should spend the last twelve months of his sentence at an RRC. Petitioner thinks that the BOP has misjudged his individual circumstances and his need for an extended RRC assignment.

## II.   DISCUSSION

RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."

---

[2] A website maintained by the BOP, (www.bop.gov), shows that Petitioner is currently scheduled to be released from prison on January 23, 2010, so it appears that he will be transferred to an RRC on, or shortly after, July 23, 2009.

This statute was recently amended by the "Second Chance Act of 2007." The amended statute, (quoted above), became effective on April 9, 2008.

The amended statute requires the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title;[3] (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). To comply with this statute, the BOP has adopted a set of interim rules, which became effective October 21, 2008. 28 C.F.R. §§ 570.20 -.22. Both the statute and the rules direct the BOP to determine "on an individual basis" how much time, (if any), each federal

---

[3] 18 U.S.C. § 3621(b) provides that:

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another...."

prisoner should spend at an RRC.[4]  The statute and the rules set a maximum amount of time that a prisoner can spend at an RRC, (not more than twelve months), but they do not set any minimum amount of time that a prisoner must spend at an RRC.  See 28 C.F.R. § 570.21 ("Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months") (emphasis added).

In this case, Petitioner is challenging the BOP's decision to send him to an RRC for only the last five to six months before his release date.  Petitioner believes he should go to an RRC a full year before his release date.  However, Petitioner has not shown that he is legally entitled to a full year at an RRC; nor has he shown, (or even suggested), that the process used to determine his RRC transfer date violates any statute, regulation or constitutional principle.  He simply disagrees with BOP's decision.

The exhibits attached to Petitioner's current petition show that the BOP has considered the various criteria prescribed by the applicable statutes.  It appears from those exhibits that the BOP considered Petitioner's individual circumstances, and selected an RRC transfer date that was deemed best for his particular situation.  That is precisely what the applicable law requires the BOP to do.  Although Petitioner obviously believes that the BOP misjudged his circumstances and his needs, he has not identified any legal error in the BOP's decision-making process.

---

[4] 28 C.F.R. § 570.22 provides that "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."

To obtain a writ of habeas corpus, Petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner is <u>not</u> entitled to a writ of habeas corpus, simply because he thinks the BOP misjudged his situation, and made a bad decision about when he should be transferred to an RRC.

In sum, Petitioner might have some arguable reasons for disagreeing with the BOP's decision about when he should be assigned to an RRC, but he has not identified anything illegal or unconstitutional about the process that the BOP used to determine his RRC assignment date. Simply put, Petitioner has not presented any claim that could warrant a writ of habeas corpus. The Court will therefore recommend that Petitioner's current habeas corpus petition be denied, and that this case be summarily dismissed with prejudice.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED WITH PREJUDICE.

Dated:   November 21, 2008

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 8, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.